UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD COLE BURCHETT,

        Plaintiff,

v.

DR. YOUNG,

        Defendant.

Case No. C05-5715RBL

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Noted for February 17, 2006

    This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*. Because plaintiff has failed to respond to the court's order to show cause, the undersigned recommends the court deny his application.

## DISCUSSION

    The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an

REPORT AND RECOMMENDATION
Page - 1

application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when the plaintiff is able to pay the initial expenses required to commence a lawsuit. See Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

On October 26, 2005, the clerk received plaintiff's complaint and application to proceed *in forma pauperis*. (Dkt. #1). On December 5, 2005, the court found plaintiff's application to be deficient and ordered him to cure that deficiency by no later than January 5, 2006, or show cause why this matter should not be dismissed. (Dkt. #3). To date, however, plaintiff has not done so.

## CONCLUSION

Because plaintiff has failed to respond to the court's order to show cause regarding his deficient application to proceed *in forma pauperis*, the undersigned recommends the court deny that application. Accordingly, the undersigned also recommends the court dismiss plaintiff's complaint unless he pays the required $250.00 filing fee **within thirty (30) days** of the court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **February 17, 2006**, as noted in the caption.

Dated this 20th day of January, 2006.

Karen L. Strombom
United States Magistrate Judge